DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
ALL WORLD INTERNATIONAL SHIPPING, INC.
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACTIVE MEDIA SERVICES, INC. d/b/a
ACTIVE INTERNATIONAL,

                                                                                        **ECF CASE**

                      Plaintiff,

        - against -                                                08 Civ. 6301 (KMK)

C A C AMERICAN CARGO CORP. and               **ANSWER AND CROSSCLAIM**
ALL WORLD INTERNATIONAL SHIPPING,
INC. d/b/a AWIS,

                      Defendants.
------------------------------------------------------------X

       Defendant ALL WORLD INTERNATIONAL SHIPPING, INC. (hereinafter "AWIS") by its attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Complaint and Jury Demand propounded by the plaintiff  herein, respectfully shows to the Court and alleges upon information and belief as follows:

       1.  Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 1, 2, 6, 8 and 9 of the Complaint.

       2.  Admits that AWIS upon information and belief, is or was at all relevant times, a federally licensed broker of goods in interstate transportation operating under U.S. Department of Transportation MC Number 455628.  AWIS is a corporation duly organized and existing

under the laws of one of the states of the United State and according to the Federal Motor Carrier Safety Administration ("FMCSA"), has a principal place of business located in Miami, Florida and, except as so admitted, denies the allegations contained in paragraph 3 of the Complaint and denies having sufficient knowledge or information to form a belief as to allegation that according to the FMCSA's licensing information, C A C American's agent for service of process for personal jurisdiction in New York is one John L. Alfano, 2 Griffon Place, Rye, New York 10580-2414.

    3. Denies the allegations contained in paragraphs 3 (second), 4 and 14 and, denies having sufficient knowledge or information to form a belief as to the co-defendant.

    4. Denies the allegations contained in paragraphs 5, 10, 12 and 13 of the Complaint.

    5.  Admits that the shipment was co-brokered by AWIS. AWIS is a licensed broker of goods in interstate commerce and was to arrange for a trucker to transport the shipment and, except as so admitted, denies the allegations contained in paragraph 7 of the Complaint and denies having sufficient knowledge or information to form a belief as to the allegation that the plaintiff was relying upon the skill, knowledge and experience of AWIS to select a responsible motor carrier and to arrange for the transportation of the Shipment.

    6. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Complaint and denies the allegation that AWIS carelessly, negligently and/or recklessly brokered the Shipment to an irresponsible carrier, in this case, C A C American.

## ANSWERING COUNT II

    7. Defendant AWIS repeats and realleges each and every paragraph heretofore set forth with the same force ne effect as if set forth here at length.

8. Denies the allegations contained in paragraphs 16, 17, 18, 19, 20 and 21 of the Complaint.

### FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

9. The Complaint fails to state a cause of action against defendant AWIS upon which relief can be granted.

### FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

10. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

### FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

11. The bringing of this action is not within the proper venue and this matter should be dismissed on the ground of <u>forum non conveniens</u>.

### FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

12. The service of process attempted herein upon defendant AWIS was improper and insufficient and should be quashed.

### FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

13. Defendant AWIS adopts all defenses raised by the co-defendant insofar as may be applicable.

### AS AND FOR A CROSSCLAIM AGAINST C A C AMERICAN CARGO CORP. (hereinafter "the co-defendant")

14. If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of the co-defendant and/or others acting on its

behalf, without any acts, omissions, breach or negligence on the part of defendant AWIS contributing thereto.

15. If the plaintiff suffered any damages, which is denied, and is awarded judgment against defendant AWIS then defendant will be entitled to full and complete indemnity and/or contribution as the case may be from the co-defendant for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

WHEREFORE, defendant AWIS demands judgment dismissing the plaintiff's Complaint or, in the alternative, demands judgment against the co-defendant for all sums which may be recovered by the plaintiff against defendant AWIS or for contribution, as the case may be, together with the costs, disbursements and reasonable counsel fees and for such other or different relief as to this Court may be just and proper under the premises.

Dated: New York, New York
       September 2, 2008

                          DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
                            Attorneys for Defendant AWIS

                          S/ _____
                            PETER J. ZAMBITO      (9362 PZ)

                          OFFICE & P.O. ADDRESS:
                          131 East Thirty Eighth Street
                          New York, N.Y.  10016
                          (212) 889-2300